O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW OLIVAREZ,<br><br>          Plaintiff,<br>    v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. EDCV 10-1059-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /
/ / /
/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 7, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1) Whether the administrative law judge ("ALJ") properly considered Plaintiff's impairments in concentration, persistence, or pace;

(2) Whether the ALJ properly developed the record;

(3) Whether the ALJ properly rejected the opinions of Dr. Fortuna Israel; and

(4) Whether the ALJ properly found that Plaintiff could perform his past relevant work.

(JS at 2.)

# II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## DISCUSSION

**A.     The ALJ's Findings.**

The ALJ found that Plaintiff has the medically determinable severe impairment of depression. (Administrative Record ("AR") at 11.) The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations: "He can have no public contact, no intense interpersonal interactions, no performance of safety operations, no high stress jobs such as armed security or collections, no work at unprotected heights and no work around dangerous machinery." (Id. at 13.) The ALJ concluded that Plaintiff could perform his past relevant work as a stock clerk. (Id. at 14.)

**B.     The ALJ's Consideration of Dr. Smith's Opinion.**

On October 16, 2007, Dr. Barbara Smith, a State agency consulting psychiatrist, completed a Mental Residual Functional Capacity Assessment of Plaintiff. (Id. at 244-57.) Dr. Smith found that Plaintiff was "moderately limited" in his ability to carry out detailed instructions and maintain attention and concentration for extended periods. (Id. at 252, 255.) She concluded that Plaintiff retained the ability to "understand, remember and carry out unskilled entry level tasks," and was capable of "performing unskilled non detailed tasks requiring one and 2 part instructions." (Id. at 257.)

Plaintiff contends that although the ALJ discussed the opinions of Dr. Smith, he did not incorporate all of her limitations and findings into his RFC finding. Specifically, Plaintiff contends that the ALJ improperly considered Plaintiff's moderate limitation in concentration, persistence, or pace and functional limitation to unskilled, non-detailed tasks requiring one and two-part instructions. (JS at 3-5, 6-7.)

/ / /

1. **Concentration, Persistence, and Pace.**

At steps two and three of the sequential analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (AR at 11.) In discussing Plaintiff's mental impairment, the ALJ discussed Plaintiff's limitations in four areas, the "Paragraph B" criteria, including activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. (Id.) With respect to concentration, persistence, or pace, the ALJ found that Plaintiff had "moderate" difficulties. (Id. at 12.) The ALJ noted that the State Agency Psychiatric Review Technique form was consistent with Plaintiff's subjective complaints, the State Agency Mental Residual Functional Capacity Assessment, and the testimony of Dr. William Soltz, the medical expert.[3] (Id.) The ALJ correctly noted, "[t]he limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the of the sequential evaluation process." (Id.)

Here, as noted above, the ALJ found that Plaintiff had only "moderate" difficulties in concentration, persistence, or pace. (Id.) In making this determination, the ALJ specifically adopted Dr. Smith's assessment. (Id.) State agency medical consultants are highly qualified physicians who are experts in Social Security disability evaluation. 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i).

Accordingly, the ALJ's mental functional assessment was supported by substantial evidence of record. Thus, there was no error.

/ / /

---

[3] In his opinion, the ALJ stated, "With regard to concentration, persistence or pace, the claimant has only 'moderate' difficulties. The State Agency Psychiatric Review Technique form indicates that the claimant has 'no' limitations on his ability to maintain social functioning . . . ." (Id. at 12.)

## 2. **Unskilled Non-Detailed Tasks Requiring One and Two-Part Instructions.**

As previously stated, Dr. Smith found that Plaintiff had the functional capacity to "perform[] unskilled non detailed tasks requiring one and 2 part instructions." (AR at 254, 257.)

"Findings of fact made by State Agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the [ALJ] and Appeals Council level of administrative review." Soc. Sec. Ruling 96-6p. Accordingly, an ALJ "may not ignore" the opinions of state agency medical consultants "and must explain the weight given to the opinions in their decisions." Id.; see also 20 C.F.R. § 416.927(f)(2)(i-ii). As the ALJ correctly noted, "[t]he mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process require a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listed in 12.00 of the Listing of Impairments (SSR 96-8p)." (AR at 12.)

Here, it is unclear from the decision the extent to which the ALJ considered Dr. Smith's functional capacity findings. The ALJ seemingly adopted Dr. Smith's findings about Plaintiff's mental impairment (id.), but failed to include any of the functional capacity limitations found by Dr. Smith in his RFC finding. Further, it does not appear that the limitations included in the ALJ's RFC finding (i.e., no public contact, no intense interpersonal interactions, no performance of safety operations, no high stress jobs, no work at unprotected heights, and no work around dangerous machinery) incorporate Dr. Smith's limitations to unskilled non-detailed tasks requiring one and two-part instructions. Indeed, as stated by the ALJ, the position of stock clerk is semiskilled work. (Id. at 14.) Moreover, under the Dictionary of Occupational Titles ("DOT"), the General Educational

5

Development ("GED") Scale measures "those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT, Appendix C, Section III. The GED Scale is composed of three divisions: Reasoning Development, Mathematical Development, and Language Development. Id. Reasoning Development Levels One is defined as "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." Id. Reasoning Development Level Two is defined as "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." Id. Reasoning Development Level Three is defined as "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." Id. The DOT classifies the job of stock clerk as requiring Level Three reasoning. DOT No. 299.367-014. This would appear to be inconsistent with Dr. Smith's finding that Plaintiff is limited to non-detailed tasks requiring one and two-part instructions. The ALJ apparently disagreed with the limitations found by Dr. Smith, and he failed to provide specific reasons for rejecting her opinion.

Nor can the Court say with confidence that this error was harmless. See Stout v. Comm'r. Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006) (error is not harmless unless the court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination"). Here, the ALJ based his conclusion that Plaintiff could perform his past relevant work as a stock clerk on the testimony of the vocational expert ("VE"). (AR at 15, 46-47.) However, these functional capacity limitations found by Dr. Smith, which were not specifically rejected, were not included in the hypothetical to the VE. (Id. at 46.) Because Dr. Smith's functional capacity

limitations could have a material impact on Plaintiff's ability to perform his past relevant work, it is unclear whether Plaintiff would be able to perform his past relevant work if the ALJ adopted Dr. Smith's findings.

Moreover, the Court is not persuaded by Defendant's contention that the ALJ "in essence" implicitly rejected Dr. Smith's specific functional capacity limitations by adopting the findings of Dr. Soltz, the medical expert. (JS at 5-6.) In adopting Dr. Soltz's opinion, the ALJ stated, "Dr. Soltz's opinion is given greater weight, and it is *generally* adopted above . . . ." (AR at 14 (emphasis added).) However, Dr. Soltz did not address Dr. Smith's functional capacity limitations clearly or directly. Rather, with respect to any such functional capacity limitations, Dr. Soltz stated, "I think those are the -- I might have -- intellectual cognitive limitations but I can't tell. If he was able to do a job like a stocker, at Albertson's, *I don't think* that the cognitive limitations would fit." (Id. at 31-32 (emphasis added).) Dr. Soltz testified as a medical expert, not a vocational expert. The role of each expert is fundamentally different. See, e.g., Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995) (discussing the role of the VE); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996) (discussing the role of the medical expert). Thus, to the extent the medical expert's comment was meant to renounce Dr. Smith's finding that Plaintiff is limited to unskilled non-detailed tasks requiring one and two-step instructions, Dr. Soltz's opinion does not constitute substantial evidence.

The ALJ's failure to provide legally sufficient reasons for rejecting Dr. Smith's functional capacity findings regarding Plaintiff's limitation to unskilled non-detailed tasks requiring one and two-step instructions warrants remand. See, e.g., Nelson v. Barnhart, No. C 00-2986 MMC, 2003 WL 297738, at *4 (N.D. Cal. Feb. 4, 2003) ("Where an ALJ fails to 'give sufficiently specific reasons for rejecting the conclusion of [a physician],' it is proper to remand the matter for 'proper consideration of the physicians' evidence.'") (citation omitted).

7

Accordingly, remand is required for the ALJ to further consider Dr. Smith's functional capacity findings and to set forth legally sufficient reasons for rejecting those opinions, if the ALJ determines rejection is warranted. The ALJ also may need to consider the effect of Dr. Smith's functional capacity limitations on Plaintiff's ability to perform his past relevant work, and to explain sufficiently any deviation from the DOT. If necessary, the ALJ should proceed to step five of the sequential evaluation.[4]

///
///
///
///
///

---

[4] The Court does not address the remaining issues raised by Plaintiff. However, upon remand, the ALJ may need to consider these other issues.

Specifically, with respect to Plaintiff's contention that the ALJ failed to properly develop the record (JS at 7-12, 14), the Court notes that at the April 17, 2009, administrative hearing, Dr. Soltz commented that Plaintiff's records "stop in '07." (AR at 25.) However, Plaintiff testified that he had continuous treatment for mental health "from the beginning of '07 through the present." (Id. at 34.) Plaintiff's counsel indicated that he had requested records from "Riverside Mental Health from the date of 1/1/07 to the current [sic]." (Id. at 26.) The ALJ gave greater weight to the opinion of Dr. Soltz because he was "the only doctor to review the entire file" (id. at 14), even though most of the records reviewed by Dr. Soltz were from the period before the alleged onset of Plaintiff's mental impairment. Relatedly, the ALJ rejected the opinion of Dr. Fortuna Israel, a psychiatrist with the Riverside County Department of Mental Health, because her opinion was not supported by treatment notes. (Id.) Dr. Israel stated in a Mental Residual Functional Capacity Questionnaire completed on December 11, 2008, that she contacted Plaintiff "every 2 or 3 months." (Id. at 314, 322.) The ALJ may need to consider whether it is necessary to obtain additional records from the Riverside County Department of Mental Health to make a sufficient step four finding.

## IV.
## **ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: June 6, 2011

/s/ 
HONORABLE OSWALD PARADA
United States Magistrate Judge